UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No. 25-00039 |
| v. | ) ) |
| SHUNNY CORPORATION DBA SAMPAC ENTERPRISES, INC., | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action and alleges the following:

1. This is an action to recover unpaid custom duties and to enforce a civil monetary penalties pursuant to 19 U.S.C. § 1592, relating to twelve customs entries of various health food products.

2. This Court has exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3. At all times relevant to the matters described in this complaint, and upon information and belief, defendant, Shunny Corporation DBA Sampac Enterprises, Inc. (Shunny) was incorporated in the State of California, with a principal business address of 551 Railroad Ave, South San Francisco, CA 94080.  The website for Sampac Enterprises, describes it as being an "established direct importer and supplier of quality raw materials

for the health food and dietary supplement industries since 1988."
https://www.sampacent.com/ (last accessed February 3, 2025).

4. During the period between February 3, 2020, through on or about November 8 2020, Shunny, as importer of record, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain merchandise ("the subject merchandise"), consisting of health products including, but not limited to, bee pollen, royal jelly, various plants and parts of plants, ginseng root, licorice, mulberry, rosa, astragalus, stevia, and filters under cover of approximately 12 entries ("the subject entries") filed with U.S. Customs and Border Protection (CBP) at the port of Oakland, California. The subject entries are identified in Exhibit A to this complaint.

5. The subject merchandise was entered or introduced into the commerce of the United States by means of false statements, acts, or omissions. Specifically, Shunny falsely identified "Hong Kong" as the "country of origin"[1] of the subject merchandise when the actual country of origin for that the subject merchandise was the People's Republic of China (China).

6. The false statements referenced in paragraph 5 above were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries.

7. Pursuant to Section 301 of the Trade Act of 1974, on September 24, 2018, the United States Trade Representative assessed a 25% *ad valorem* duty on certain products from China classified in a list of 1,333 tariff subheadings.

---

[1] "Country of origin" means the country of manufacture, production, or growth of any article of foreign origin entering the United States. 19 C.F.R. § 134.1(b).

8. The 25% *ad valorem* duty applied to the subject merchandise, and, by identifying the country of origin as Hong Kong instead of China, Shunny evaded Section 301 duties owed.

9. Every importer of record must exercise reasonable care in entering merchandise into the United States. *See* 19 U.S.C. § 1484(a)(1). Here, Shunny's repeated failure to identify the correct country of origin subject merchandise resulted from its failure to exercise reasonable care to ensure that the statements in made in its entries were accurate.

10. From September 2018 through November 2019, Shunny had entered the same imported merchandise from the same manufacture and identified the country of origin as China and paid the requisite Section 301 duties on the imported merchandise.

11. Starting in December 2019, Shunny changed the country of origin from China to Hong Kong for the subject entries and did not pay the requisite Section 301 duties despite the subject merchandise being the same commodities from the same manufacturer.

12. As a result of Shunny's failure to correctly identify China as the country of origin of the subject merchandise, the United States was deprived of lawful duties and fees in the amount of approximately $222,089.25. On January 18, 2023, CBP issued to Shunny a demand for the $222,089.25.

13. On January 5, 2024, CBP Office of Fines, Penalties, & Forfeitures, issued Shunny Corporation DBA Sampac Enterprises, Inc. a penalty in the amount of $1,443,351.50, which was equal to two times the loss of total revenue of $721,675.75.

14. CBP has exhausted all administrative remedies and, to date, Shunny has not paid any portion of the duties or civil penalty demanded.

## COUNT I

15. The allegations contained in paragraphs 1 through 14 are restated and incorporated by reference.

16. The material false statements and omissions referenced in paragraphs 4 through 6 above constitute negligent violations of 19 U.S.C. § 1592(a) because they resulted from Shunny's failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with Shunny's entries of the subject merchandise were complete and accurate.

17. By reason of the negligent violations of 19 U.S.C. § 1592(a) identified above, Shunny is liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $199,348.50 plus pre-judgment and post-judgment interest.

## COUNT II

18. The allegations contained in paragraphs 1 through 17 are restated and incorporated by reference.

19. As a result of the negligent violations of 19 U.S.C. § 1592(a) identified above, Shunny is liable to the United States is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a penalty in the amount of $1,397,870, which is equal to two times the lawful duties of which the United States was or may have been deprived and is an amount less than the domestic value of the subject merchandise.

**PRAYER FOR RELIEF**

**WHEREFORE**, the United States respectfully requests that the Court:

(a) enter judgment for the United States against defendant Shunny Corporation DBA Sampac Enterprises for unpaid duties in the amount of $199,348.50, pursuant to 19 U.S.C. § 1592 (d), plus pre-judgment and post-judgment interest; and

(b) enter judgment for the United States against defendant Shunny Corporation DBA Sampac Enterprises for a negligence civil penalty in the amount of $1,397,870, plus post-judgement interest; and

(c) enter judgment for the United States against defendant Shunny Corporation DBA Sampac Enterprises for costs and such other relief as this Court deems just and appropriate.

                                        Respectfully Submitted,

                                        BRETT A. SHUMATE
                                        Acting Assistant Attorney General

                                        PATRICIA M. McCARTHY
                                        Director

                                        /s/ Franklin E. White, Jr.
                                        FRANKLIN E. WHITE, JR.
                                        Assistant Director

| Of Counsel: | /s/ Alexander S. Brewer |
|---|---|
| LISA ZITO | ALEXANDER S. BREWER |
| Office of the Assistant Chief Counsel | Trial Attorney |
| U.S. Customs and Border Protection | Department of Justice, Civil Division |
| | Commercial Litigation Branch |
| | Civil Division |
| | U.S. Department of Justice |
| | P.O. Box 480 |
| | Ben Franklin Station |

5

Washington, D.C. 20044
Telephone: (202) 307-0252
Alex.Brewer@usdoj.gov